United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-21084

TELNET INCORPORATED; PRESCOTT LEGAL
SERVICES INCORPORATED; FOREST AMERICA
GROUP, Incorporated,

Plaintiffs-Appellants,

versus

MCI WORLDCOM, doing business as LDDS
Worldcom, formerly known as LDDS Communications,
Inc.; WORLDCOM Management Company Incorporated;
WORLDCOM TECHNOLOGIES, INC.,

Defendants-Appellees.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. H-98-CV-2020)

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's order denying class certification is affirmed for the following reasons:

1. Rule 23(b)(1) is not a problem for individual suits, for those individuals would not have their interests substantially impaired and there would be no risk of incompatible standards of conduct imposed on MCI WorldCom. Rather, each claimant might prevail only by proving that its individual situation and circumstances entitled it to a better negotiated charge pursuant to the 1991 Interexchange Order of the FCC.

2. No injunction could be ordered under Rule 23(b)(2). Tariffs have been forbidden since 2003. No one rate could be justified to all customers.

3. Again, the necessity of establishing a legal rate and loss to each claimant justifies the rejection of a class treatment as the superior adjudication required by Rule 23(b)(3). At best, no one could claim a rate under the filed tariff without proving that all individual facts and circumstances entitled that one to equal treatment. The district court did not abuse its discretion in denying class certification.

AFFIRMED.